IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-00667-MSK-MJW

**BRADLEY REED WARREN,**

 Petitioner,

v.

**EMILY REBECCA RYAN,**

 Respondent.

## OPINION and ORDER

 **THIS MATTER** comes before the Court *sua sponte*. This case arises from Bradley Reed Warren's Petition for return of his two children to Australia pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. 11601, *et seq.*[1] The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

 Mr. Warren and the Respondent Emily Rebecca Ryan are the parents of two minor children, A.C.W. and L.R.W. All are Australian citizens. According to the Petition, in August 2014, Mr. Warren, Ms. Ryan, and the children traveled from Australia to the United States. Mr. Warren returned to Australia in September 2014 with the understanding that Ms. Ryan and the children would follow. Rather than returning to Australia, Ms. Ryan remained in the United States and currently resides in Colorado.

---

[1] ICARA implements the provisions of the Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct 1980 ("Convention").

1

Before Mr. Warren commenced this action, Ms. Ryan filed a Petition for Dissolution of Marriage in the District Court for the City of County and Denver (Marriage Dissolution Action). Purportedly, Mr. Warren has been served with process associated with the Marriage Dissolution action. He has filed a Motion to Dismiss the action, but he has not filed an ICARA petition or made an ICARA request in the Marriage Dissolution action. The State Court set a hearing for June 5, 2015 to determine whether to exercise temporary emergency jurisdiction over the children pursuant to C.R.S. § 14-13-204.

Due to the pending Marriage Dissolution action and scheduled hearing, this Court requested that the parties to address whether it should abstain from exercising jurisdiction over the ICARA petition pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Both parties filed briefs. Mr. Warren opposes abstention arguing that 1) he has a right to have his petition heard in federal court; and that 2) the requirements for abstention are not satisfied in this circumstance. Ms. Ryan urges this Court to abstain so that the State Court can resolve custody issues between the parties.

The *Younger* doctrine requires a federal court to abstain from exercise of its jurisdiction if the federal proceeding would (1) interfere with an ongoing state judicial proceeding (2) which proceeding implicates important state interests and (3) which proceeding affords an adequate opportunity to raise the federal claims. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999). *Younger* abstention is warranted only if all of the three criteria are satisfied. *Id.* Here, the Court need not address the first two factors because it concludes that the Marriage Dissolution action and currently scheduled hearing will not afford an adequate opportunity to litigate the ICARA claim.

Under ICARA, a person may commence a civil action for return of a child who was wrongfully removed from the country that is the child's habitual residence. 22 U.S.C. § 9003(b). Both State and Federal courts can exercise jurisdiction with regard to an ICARA petition. §9003(a).

A petition to return a child to the country that is the child's habitual residence requires the petitioner to prove that "the child has been wrongfully removed or retained within the meaning of the Convention."[2] § 9003(e)(1)(A). According to the Convention, a removal or retention is wrongful if (1) "it is in breach of rights of custody . . . under the law of the State in which the child was habitually resident immediately before the removal or retention" and (2) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention." Article 3. The Convention defines rights of custody as "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." Article 5.  The parties agree that the children's habitual residence was Australia. Thus, the relevant inquiry would appear to focus on Mr. Warren's custodial rights and obligations under Australian law and his exercise of those rights.

If Mr. Warren satisfies this burden, Ms. Ryan may seek to establish an exception that excuses return of the children to Australia. §9003(e)(2). The Court understands that Ms. Ryan intends to argue that return should not be ordered because "there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." The Convention, Article 13(b).[3]  By this,  the Court understands that she means that the children are subject to potential abuse by Mr. Warren. Although the Tenth

---

[2] This showing must be made by a preponderance of the evidence. § 9003(e)(1)(A).
[3] As to this contention, she has the burden of proof which must be satisfied by clear and convincing evidence. §9003(e)(2)(A).

Circuit has not directly addressed what constitutes a grave risk of harm within the meaning of Article 13(b), the Second, Third, and Sixth Circuits have concluded that there are only 2 circumstances that constitute "grave risk" of harm within the meaning of Article 13(b). *See West v. Dobrev*, 735 F.3d 921, 931 n.8 (10th Cir. 2013); *see also Baxter v. Baxter*, 423 F.3d 363, 373 (3d Cir. 2005); *Blondin v. Dubois*, 238 F.3d 153, 162 (2d Cir. 2001); *Friedrich v. Friedrich*, 78 F.3d 1060, 1069 (6th Cir. 1996).  The first is when the child would be returned to a zone of war, famine, or disease.  The second is when, in a case of serious abuse, neglect, or extraordinary emotional dependence, the country of habitual residence is incapable or unwilling to adequately protect the child. In other words, the ICARA determination focuses on what court system should determine custody issues rather than which parent should have custody of the children.

It does not appear that the ICARA issues will be considered by the State Court.  Neither party has expressly raised such issues before the State Court.  Furthermore, the currently scheduled hearing focuses on whether the State Court should exercise temporary, emergency jurisdiction over the children pursuant to C.R.S. § 14-13-204. Ordinarily, Colorado Courts have jurisdiction with regard to child custody issues only if Colorado is the home state of the child or the child and at least one parent have a significant connection to Colorado. C.R.S. § 14-13-201. C.R.S. § 14-13-204 authorizes a Colorado court to exercise "temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."  There is no dispute that the children are present in Colorado.  Thus the State Court's focus is likely to be upon whether there is 1) an emergency; and whether 2) the children have been subjected to or threatened with mistreatment or abuse. Put another way, the C.R.S. § 14-13-204 allows a temporary, emergency decision as to which

parent has custody, as compared to a determination as to what court should make the custody decision.

Although the evidence to be presented in this action and in the Marriage Dissolution action may overlap, the issues to be determined are not the same. The ICARA issues are not squarely before the State Court and it does not appear that there will be an adequate opportunity for them to be considered in the Marriage Dissolution action. Accordingly, the Court finds that abstention is not warranted.

**IT IS THEREFORE ORDERED** that:

(1) A six hour evidentiary hearing on the Petition is set for June 3, 2015, at 9:30 a.m. in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado. The time will be divided equally between the parties unless they agree on another allocation.

(2) To enable the parties to prepare for the hearing, any party intending to offer exhibits or call witnesses at the hearing shall, at least three business days prior to the hearing, provide copies of all proposed exhibits (pre-marked) and a list of witnesses to all counsel. If a party seeks to present evidence from a remote location, a motion requesting same shall be filed by May 15. The parties shall comply with the Practice Standards, which are accessible on the Court's website.

Dated this 21st day of April, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge