**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-00667-MSK-MJW

**BRADLEY REED WARREN,**

    Petitioner,

v.

**EMILY REBECCA RYAN,**

    Respondent.

---

**ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS**

---

**THIS MATTER** comes before the Court on the Petitioner Bradley Reed Warren's Motion for Attorney Fees and Costs (**#41**) and the Respondent Emily Rebecca Ryan's Response (**#42**).[1]

Mr. Warren filed a Petition (**#1**) pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.*, which implements the Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct 1980 ("Hague Convention") seeking return the parties' children to their place of habitual residence in Australia. Following an evidentiary hearing on June 3, 2015, the Court granted the Petition and ordered Ms. Ryan to return the children to the jurisdiction of Australia. Mr. Warren now seeks an award of $64,984.90 in costs and fees incurred in this action - comprised of $61,081.68 in attorney fees and $3,903.22 in costs.

---

[1] Although the deadline for Petitioner to file a Reply had not yet passed, the Court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d).

Ms. Ryan objects on several grounds: (1) that she acted in good faith in litigating this matter because she sincerely believed that returning the children to Australia would expose them grave harm; (2) that the number of hours billed by Mr. Warren's attorneys is unreasonable under the circumstances; and (3) that she has limited financial resources.

## ANALYSIS

ICARA provides:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3).

As to Ms. Ryan's first argument, under § 9007(b)(3) a fee award is neither premised upon nor reduced because of a party's good or bad faith pursuing or opposing an ICARA petition. Instead, ICARA mandates imposition of an award using the language "shall order". It states only one justification for not imposing or reducing an award, "unless the respondent establishes that such order would be clearly inappropriate". Ms. Ryan's belief that her position was justified, even if sincere, does not make imposition of an attorney fee award "clearly inappropriate".

Ms. Ryan's second objection is that the amount of attorney fees sought by Mr. Warren is inappropriate because "this was a simple case and that there were no unusual issues presented." The $61,081.68 in attorney fees that Mr. Warren seeks is based on 176.7 hours of attorney time billed at a flat hourly rate of $345.68. Mr. Warren submitted affidavits, receipts, and time records in support of the charges. Ms. Ryan does not object to the hourly rate charged, only to

2

the number of hours billed.  Unfortunately, Ms. Ryan does not identify any time entry, or group of entries, that she contends is excessive.

Generally with fee awards, the Court applies the familiar "lodestar" analysis, multiplying the reasonable hours spent on the compensable tasks by a reasonable hourly rate, and then adjusting that figure upwards or downwards only in exceptional circumstances. *See generally Gisbrecht v. Barnhart,* 535 U.S. 789, 801–02 (2002).  Generally, the movant – Mr. Warren – bears the burden of proving the reasonableness of the rates and hours claimed.  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir.1986).  ICARA does not specify whether reasonableness of fees is required for an award, but the Court will assume that such is the case.

Ms. Ryan's general argument is unpersuasive.  Assuming that this matter is properly characterized as a simple straight forward ICARA matter without novel issues, Ms. Ryan offers no information to allow the Court to determine what amount of attorney time would or should have been reasonably been expended.

Although the Court has reviewed the detailed presentation by Mr. Warren, without objection by Ms. Ryan as to particular time entries, it is difficult for the Court to identify any unreasonable entry or entries.  Each is accompanied by a description of the task performed and the Court declines to speculate as to whether the time reported exceeds that required to perform the task described.  The Court has some mild concerns that there may have been duplication of time by several attorneys, but that possibility may have been anticipated by the blended hourly rate.  Thus, on this record, the Court cannot find that the fees requested are so excessive as to make an award clearly inappropriate.

Finally, Ms. Ryan argues that an award of fees and costs is clearly inappropriate because it cause her significant financial hardship.  In its discretion, courts have reduced the amount of

3

fees and costs awarded in light of the petitioner's financial circumstances. *See e.g. Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995); *Whallon v. Lynn*, 256 F.3d 138, 139 (1st Cir. 2004). However, courts generally avoid reductions that effectively result in a denial of all fees because doing so would undermine the legislative purpose in deterring violations of the Hague Convention. *See, e.g., Saldivar v. Rodela*, 894 F.Supp.2d 916, 943 (W.D. Texas 2012); *Mendoza v. Silva*, 987 F.Supp.2d 910, 915 (N.D. Iowa 2014).

Ms. Ryan is an attorney, who has practiced in Australia and in the United States. She submitted documentation reflecting her recent income, expenses, and debts. Among such documentation is an affidavit prepared on her behalf (or witnessed by) her mother, who is also an attorney (solicitor and barrister in Australia) who has employed Ms. Ryan. The records show that Ms. Ryan maintained gainful employment on a consistent basis prior to leaving Australia in 2014, and has earned income since she came to the United States. From 2012 to 2014, Ms. Ryan earned, on average, $63,000 US per year. In 2014, Ms. Ryan spent a third of the year in the United States on vacation, but nevertheless earned around $60,000 US. During the first 6 months of 2015, Ms. Ryan has earned approximately $21,000 US.

Ms. Ryan contends that she cannot now find employment in Australia because her license to practice law lapsed on June 30, 2015 (after the determination of this matter) due to nonpayment of the registration fee. It is unclear how difficult or costly it would be for Ms. Ryan to reinstate her license and to seek gainful employment as an attorney, or other type of employment. Moreover, given her past employment by and current assistance from her mother, the Court has some doubt that she is unable to find suitable employment.

As to Ms. Ryan's debts and assets, the picture is also unclear. Her affidavit is largely conclusory and essentially states that she has no assets, many liabilities and no income. She lists

real estate, credit card and attorney fee debt.  She states that her bank accounts have been frozen by action of Mr. Warren, but she fails to state what assets are in such accounts.  She states that she is the beneficiary of a Trust that owns real property but that the Trust has no liquid assets.  However, there was evidence presented at the hearing in this matter that the family, or Ms. Ryan and the children, had occupied the Trust owned property.  Thus, it is unclear what rights Ms. Ryan has as a beneficiary of the Trust and whether her rights include access to its property at a reduced rate or without charge.  Finally, Ms. Ryan says that she is liable for debts associated with Mr. Warren's real property.  It is unclear whether her obligation is primary or secondary to recovery against any collateral and what the value of any collateral is.

     Ms. Ryan requests that the "award of fees be substantially reduced" but again offers no specifics.  It may be that some reduction of the fees and expenses requested would be appropriate if comprehensive, non-conclusory financial information had been submitted by Ms. Ryan.  However, based on this record and the generality of her request, the Court cannot determine what reduction is appropriate.  As noted, above, the information submitted by Ms. Ryan is conclusory, incomplete and somewhat inconsistent.  Even if the Court were to fully credit all of Ms. Ryan's conclusions – that she has no assets, no income and overwhelming debts – the logical argument would be that no award should be imposed, which the Court would decline in light of the deterrent effect intended in 22 U.S.C. § 9007(b)(3).

     The parties are apparently engaged in a proceeding in Australia to complete their divorce, allocate debts and assets, and to provide for their children.  That court will be much better able position to allocate debts and assets between the parties based on a full and complete assessment of their financial resources and obligations, than is this court.  The Australian court can take this award into account in its proceedings.

Accordingly, the Court **GRANTS** Mr. Warren's Motion for an Award of Fees and Costs in the amount of $64,984.90.

**IT IS THEREFORE ORDERED** that Petitioner Bradley Reed Warren's Motion for Attorney Fees and Costs (**#41**) is **GRANTED**. Mr. Warren is awarded his attorney fees and costs in the amount of $64,984.90.

Dated this 15th day of July, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge